IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DORIS THORNTON, as the Personal Representative of the Estate of WILLIE MACK WILLIAMS, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>SELMA HEALTH AND REHAB, LLC; AL 6 HOLDINGS, LLC; SL 6 HOLDCO, LLC; AND SN 6 HOLDCO, LLC,<br><br>    Defendants. | Case No. 2:23-cv-00065-KD-N |

**MOTION FOR LEAVE TO AMEND COMPLAINT**

COMES NOW the Plaintiff, Doris Thornton, as Personal Representative of the Estate of Willie Mack Williams, and hereby moves this Court pursuant to *Federal Rules of Civil Procedure* 15(a) and 20 and 28 U.S.C. §1447(e), to grant leave to the Plaintiff to file its First Amended Complaint in this action adding Defendants Lifesource Consulting, Inc., and Sherri Daugherty. As grounds therefor, the Plaintiff asserts the following:

**FACTS**

1. The original Complaint was filed in this action on January 17, 2023, alleging that Defendants breached the applicable standard of care under the Alabama Medical Liability Act with respect to Plaintiff's decedent, Mr. Willie Mac Williams' 26-day rehab stay at Selma Health and Rehab. More specifically, the Complaint alleges that the Defendants failed to provide proper care and treatment to Mr. Williams which proximately resulted in his death from dehydration, hyperglycemia, and related complications and injuries. Defendants named in the original Complaint are Selma Health and Rehab, LLC, and three additional limited liability companies

alleged to be the owners of Selma Health and Rehab and/or provide management, operation services, and/or control over the nursing facility. (These Defendants are referred to hereinafter collectively as the "Selma Defendants.") Upon information and belief, all of the Selma Defendants are limited liability companies with their principal place of business in Brooklyn, New York.

2. Defendants filed a Notice of Removal to this Court on February 21, 2023, alleging diversity of jurisdiction under 28 U.S.C. §1447. Based upon the existence of a valid and binding arbitration agreement between the Plaintiff and the Defendants, Defendants then filed a Motion to Compel this case to arbitration which was granted and ordered by this Court on April 12, 2023. The parties then agreed to have the case arbitrated by Retired Judge Philip Reich, who entered a Scheduling Order in this case on May 12, 2023, at which time discovery commenced.

3. Between May of 2023 and the present time, the parties conducted initial paper discovery, and Plaintiff deposed three nurse managers employed by Defendants on August 31, 2023. In the course of the discovery conducted thus far in the above-referenced arbitration proceeding, the Plaintiff determined that it was necessary and proper to add Defendants Lifesource Consulting, Inc., and registered dietician Sherri Daugherty.

4. Sherri Daugherty is a registered dietician based in Dadeville, Alabama, and was retained by the Selma Defendants to provide registered dietician services to Defendant Selma Health and Rehab as an independent contractor. Upon information and belief, Defendant Lifesource Consulting, Inc., is an Alabama corporation which is solely owned and operated by Ms. Daugherty for the purpose of providing registered dietician services to Selma Health and Rehab and other skilled nursing facilities around the State of Alabama.

5. Based upon discovery conducted thus far in the arbitration with the Selma Defendants, which included obtaining Mr. Williams' nursing home chart, policies and procedures

from the Defendants outlining requirements for dietary assessments, and the testimony of three managing nurses at Selma Rehab who communicated with Ms. Daugherty about providing dietary assessment services to Mr. Williams, the Plaintiff determined that it was necessary and proper to add Lifesource Consulting and Ms. Daugherty as Defendants in this case. *See* Amended Complaint, attached hereto as Exhibit 1.

6.  The Plaintiff alleges in her First Amended Complaint that both the Selma Defendants as well as Defendants Lifesource and Daugherty had legal duties to ensure that Mr. Williams received appropriate and adequate nutrition and hydration during his residency at Selma Health and Rehab in order to sustain life. The Plaintiff contends that both the Selma Defendants and Lifesource and Daugherty breached the applicable standard of care in a number of specific ways relating to Mr. Williams' nutrition and hydration status, and, thus are jointly and severally liable for Mr. Williams' death.

## **LEGAL ANALYSIS**

7.  In most cases the *Federal Rules of Civil Procedure* liberally allow a plaintiff to join a new defendant. Rule 15(a) of the *Federal Rules of Civil Procedure* provides the courts, "should freely give leave" to amend "when justice so requires," and Rule 20 permits joinder of proper parties. *Dever v. Family Dollar Stores of GA., LLC*, No. 18-10129 (11th Cir. Nov. 02, 2018) (additional citations omitted). The present action is a medical liability wrongful death case arising during a nursing facility rehab stay which necessarily involves numerous third parties providing care to the residents of the nursing facility. Typically, these different disciplines providing care include treating physicians and nurse practitioners, speech therapists, occupational therapists, physical therapists, restorative therapists, registered dieticians, and others. In these type cases, it is nearly always necessary to engage in some discovery in order to determine the proper identity of

all the parties who provided care and treatment to the residents, the nature of their relationship, and the respective duties and responsibilities between these disciplines and the nursing facility itself. As a result, it is common to identify additional necessary and proper properties during the course of conducting discovery. While the Plaintiff knew of the existence of Ms. Sherri Daugherty at the time of the filing of the Complaint, all of the necessary facts giving rise to a proper cause of action against Daugherty and her company, Lifesource, were not ascertained until the first round of discovery in this case. The Plaintiff promptly filed this Motion asking for leave to amend the Complaint and join Defendants Lifesource and Daugherty within two weeks of ascertaining all of these necessary facts.

8. "Congress has given district courts broad discretion to decide whether, after removal, to permit joinder of a new defendant who had destroyed diversity: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." *Dever v. Family Dollar*, No. 18-10129, P.6; *See* also *Ingram v. CSX Transp., Inc.*, 146 F.3d. 858, 862 (11th Cir. 1998). "In deciding whether to permit a plaintiff to join a non-diverse defendant after removal a district court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether [the] plaintiff has been dilatory in asking for amendment, whether [the] plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Hickerson v. Enterprise Leasing Co. of* GA, No. 19-13670 (11th Cir. June 11, 2020); *See* also *Hensgens v. Deere and Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987).

9. In applying the standard set forth above, the Plaintiff should be allowed to amend the Complaint in this case and add Defendants Lifesource and Daugherty as party defendants. First, the purpose of the amendment sought by Plaintiff is not to defeat federal jurisdiction but to

add two necessary party defendants on the basis that the claims against these Defendants arose out of the same transactions or occurrences as the claims made against the Selma Defendants and questions of law or facts common to both Defendants will almost certainly arise in this action. Moreover, the claims against the Selma Defendants have already been compelled to arbitration, and the arbitration of those claims will continue uninterrupted if the Court grants Plaintiff's Motion and allows the joinder of Defendants Lifesource and Daugherty. In other words, while adding Defendants Lifesource and Daugherty would result in the elimination of diversity jurisdiction in this case, it will have no impact on the forum in which claims against the Selma Defendants will be heard.

10. As to whether the Plaintiff has been dilatory in asking this Court for leave to amend the Complaint, the Plaintiff respectfully asserts that this amendment is being sought in as timely a fashion as practicable given the complexity of the case. As stated above, these type cases involve a number of different parties providing services to all the residents at a skilled nursing facility, and a certain minimum amount of discovery is required in most instances in order to identify additional necessary parties besides the skilled nursing facility itself. In this case, leave to amend the Complaint is being sought within two weeks of the first three depositions being taken in this case and within a couple of months of the Plaintiff being provided written discovery by the Defendants. Based upon the above, Plaintiff's request to amend the Complaint has not been unnecessarily delayed.

11. While the Plaintiff does not contend that she will suffer "significant injury" if the amendment sought is not allowed on the basis that a separate state action against Defendants Lifesource and Daugherty could be pursued, it would be utmost efficient for the parties and for the

expenditure of judicial resources to have all of the claims in this case against all parties pending in the same Court action.

## **CONCLUSION**

12.     The primary consideration for the Court in determining whether to allow an amendment adding additional defendants which deprive the Court of subject matter jurisdiction is whether the intent of the amendment sought the Defendants added is to defeat subject matter jurisdiction of this Court. Typically, the motivation between parties attempting to have a case remanded to the state court is the perception that somehow that forum may be more "favorable" for those claims to be heard. Because the claims against the Selma Defendants will be heard by an arbitrator regardless of where the underlying case sits, that cannot be the intention or motivation behind Plaintiff's Motion to Amend in this case.

Based upon the foregoing, the Plaintiff respectfully requests that this Court enter an order granting leave to the Plaintiff to file its First Amended Complaint adding as party defendants Lifesource Consulting, Inc., and Sherri Daugherty.

*/s/ Perry G. Shuttlesworth, Jr.*
PERRY G. SHUTTLESWORTH, JR.
Shuttlesworth Law Firm, P.C.
201 Vulcan Road
Birmingham, AL 35209
205.322.1411 Telephone
205.328.1411 Facsimile
perry@shuttlesworthlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing upon the following counsel of record via electronic mail on September 12, 2023:

Alan D. Mathis
Jorge A. Solis
Butler Snow, LLP
One Federal Place, Suite 1000
Birmingham, AL 35203

                                                                    */s/ Perry G. Shuttlesworth, Jr.*
                                                                      Of Counsel