IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DORIS THORNTON, as the personal Representative of the Estate of Willie Mack Williams, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  Civil Action No. 2:23-00065-KD-N |
| SELMA HEALTH AND REHAB, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on Plaintiff Doris Thornton's ("Plaintiff"), as the Personal Representative of the Estate of Willie Mack Williams ("Williams"), deceased, Motion to Lift Stay, (Doc. 12); Defendants Selma Health and Rehab, LLC, AL 6 Holdings, LLC, SL 6 Holdco, LLC, and SN 6 Holdco, LLC's (collectively the "Selma Defendants") Response in Opposition, (Doc. 14); and Plaintiff's Reply, (Doc. 16). Plaintiff moves to lift the stay in this case to allow her to file the previously denied Motion for Leave to Amend Complaint. (Doc. 12 at 2; see Doc. 10). Hence, the Court also considers Plaintiff's Motion for Leave to Amend Complaint. (Doc. 10). Upon consideration and for the reasons set forth herein, it is **ORDERED** that the Motion to Lift Stay, (Doc. 12), is **DENIED**.

**I.    BACKGROUND**

On January 17, 2023, Plaintiff filed a complaint (the "Complaint") against the Selma Defendants in the Circuit Court of Dallas County, Alabama. (Doc. 1-1). It asserts a wrongful death claim over Williams' death during a stay at Selma Health and Rehab, a nursing home in Selma, Alabama. (Id.). The Selma Defendants removed the action to this Court on February 21,

2023. (Doc. 1). That same day, the Selma Defendants filed the Motion to Compel Arbitration and Stay Further Proceedings. (Doc. 3). Plaintiff did not oppose the Selma Defendants' Motion. (See Doc. 6 at 1). On April 12, 2023, the Court, in accordance with the Federal Arbitration Act, entered an order that granted the Selma Defendants' motion. (Doc. 7). It also directed the Clerk of Court to close the case for administrative purposes and ordered the parties to file a joint status report on or before June 12, 2023, and every 60 days thereafter.[1] (Doc. 7 at 3). In the parties' June Joint Status Report, they reported that they have submitted the dispute to arbitration with A. Philip Reich, II. (Doc. 8 at 1). Per the arbitrator's scheduling order, a final arbitration hearing is expected to begin on March 18, 2024. (Id.).

On September 12, 2023, Plaintiff moved for leave to amend the Complaint to join Lifesource Consulting, Inc. ("Lifesource") and Sherri Daugherty ("Daugherty") as defendants. (Doc. 10). "Sherri Daugherty is a registered dietician based in Dadeville, Alabama, and was retained by the Selma Defendants to provide registered dietician services to Defendant Selma Health and Rehab as an independent contractor. Upon information and belief, Defendant Lifesource Consulting, Inc., is an Alabama corporation which is solely owned and operated by Ms. Daugherty for the purpose of providing registered dietician services to Selma Health and Rehab and other skilled nursing facilities around the State of Alabama." (Id. at 2). The Court denied Plaintiff's Motion for Leave to Amend Complaint September 20 because the proceedings were stayed in April, and therefore the case was closed for administrative purposes. (Doc. 11). On September 28, Plaintiff moved to lift the stay to allow her to file the previously denied Motion for Leave to Amend Complaint and join Lifesource and Daugherty as defendants. (Doc.

---

[1] Following the parties' June Joint Status Report, the Court ordered that the Status Report deadline set forth in Doc. 7 be reset to April 1, 2024. (Doc. 9).

12 at 1-2). The Selma Defendants oppose lifting the stay to add defendants whose joinder would necessitate remanding the case to state court. (Doc. 14).

## II.   LEGAL STANDARD

Generally, when the plaintiff moves to amend the complaint,[2] the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, if after removal the plaintiff seeks to join additional defendant(s) who would defeat complete diversity, the court analysis begins with 28 U.S.C. § 1447(e), not the more liberal amendment standard of Federal Rule of Civil Procedure 15. Ingram v. CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998). Under Section 1447, the court has two options for handling such a request. It may: (a) deny joinder; or (b) permit joinder and remand the action to state court. 28 U.S.C. § 1447(e).

The Eleventh Circuit has issued several unpublished decisions that rely on opinions from other circuits to promulgate a Section 1447(e) decision-making framework. See Hickerson v. Enter. Leasing Co. of Ga., LLC, 818 F. App'x 880 (11th Cir. 2020); Reyes v. BJ's Rests., Inc., 774 F. App'x 514 (11th Cir. 2019); Dever v. Fam. Dollar Stores, LLC, 755 F. App'x 866 (11th Cir. 2018); see also McCrory v. Costco Wholesale Corp., 584 F. Supp. 3d 1091 (S.D. Ala. 2022) (citing and describing the above cases). In this scenario, the district court should be hesitant to allow the new, non-diverse defendant to join. Reyes, 774 F. App'x at 517. After all, "[g]iving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes." Bevels v. Am. States Ins. Co., 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000). That said, the district court should use its discretion to balance the defendant's interest in maintaining the federal forum with the competing interest of not having parallel litigation in state court. Reyes, 774 F. App'x at 517. Specifically, courts are to consider the following factors: (1) the extent to

---

[2] Rule 15 also permits the plaintiff to amend the complaint once as a matter of course, subject to certain time constraints. See Fed. R. Civ. P. 15(a)(1).

3

which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. Hickerson, 818 F. App'x at 885.

### III. ANALYSIS

The parties do not dispute that Lifesource and Daugherty are Alabama citizens whose joinder would destroy complete diversity.³ (See Docs. 10, 14). Since Plaintiff moves to lift the stay to file her Motion for Leave to Amend Complaint and join Lifesource and Daugherty as defendants, the Court may either deny joinder or permit joinder and remand the action to state court. See § 1447(e). This Court will use the factor-balancing test that the Eleventh Circuit has employed for this purpose. See Hickerson, 818 F. App'x at 885.

A court should first consider the extent to which the purpose of proposed joinder is to defeat federal jurisdiction. Id. Plaintiff argues that because the claims against the Selma Defendants have already been compelled to arbitration and that arbitration would continue uninterrupted if the Court were to grant Plaintiff's motions and allow joinder, Plaintiff's purpose cannot be to defeat federal jurisdiction since remand would "have no impact on the forum in which the claims against the Selma Defendants will be heard." (Doc. 10 at 5). "In other words, because the Plaintiff stands to gain no perceived advantage if this case is remanded to state court, there is no logical argument that the purpose of the amendment sought is to defeat federal jurisdiction." (Doc. 16 at 3) (emphasis included). The Selma Defendants do not argue that Plaintiff has an ulterior motive of defeating federal jurisdiction. (See Doc. 14). However, they

---

³ Plaintiff seeks to join Lifesource and Daugherty under Rule 20. (See Doc. 10 at 1, 3); see also Fed. R. Civ. P. 20. In civil cases arising solely under diversity-of-citizenship jurisdiction like this one, supplemental jurisdiction does not extend to claims by plaintiffs against parties joined under Rule 20. 28 U.S.C. § 1367(b).

4

note that the parties will ask that the Court confirm or vacate the final arbitration award and "may even need to turn to the Court for assistance even before a final award, including to compel attendance of unwilling witnesses during discovery." (Id. at 6).

It is unlikely that Plaintiff proposes joinder to defeat federal jurisdiction. While the Selma Defendants are correct that the Court is not without any future role in this case, the primary forum is the pending final arbitration hearing before Reich. In addition, a "post-removal intention to sue a non-diverse defendant might not indicate a purpose to defeat federal jurisdiction if discovery has provided previously unavailable information relevant to that decision." McCrory, 584 F. Supp. 3d at 1098. Here, while the parties dispute the exact date when Plaintiff became aware of Lifesource and Daugherty's involvement in the circumstances leading to Williams' death, they do not dispute that she learned of it during discovery. (See Doc. 12 at 2; Doc. 14 at 7; Doc. 16 at 3). Thus, the Court finds that the first factor weighs in favor of permitting joinder and remanding the action to state court.

Next, the Court is to assess whether the plaintiff has been dilatory in asking for the amendment. Hickerson, 818 F. App'x at 885. "A plaintiff is dilatory in adding a non-diverse party when the plaintiff waits an unreasonable amount of time before asking for an amendment, despite having been able to ascertain the party's role in the suit all along." McCrory, 584 F. Supp. 3d at 1099 (quoting Hickerson, 818 F. App'x at 886). The standard for dilatoriness announced in Hickerson extends to unreasonable failures to identify an initially unknown potential defendant. McCrory, 584 F. Supp. 3d at 1099. This Court in McCrory also held that dilatoriness is to be measured from the date of the incident giving rise to the cause of action, not from when the complaint was filed or the case was removed. 584 F. Supp. 3d at 1099 n.17. This Court has found that the plaintiff was dilatory when he sued 21 months after the cause of action accrued but

sought to add the non-diverse defendant one month after he filed the complaint and five days after removal. Nichols v. Circle K Stores, Inc., No. 1:21-CV-258, 2021 WL 2815973, at *1 (S.D. Ala. July 6, 2021); see also McCrory, 584 F. Supp. 3d at 1100 (concluding the moving to add a defendant 19 months after the underlying incident while offering no explanation for the failure to do so earlier was an unreasonable delay).

Here, Plaintiff first moved for leave to amend the Complaint in September 2023, over fifteen months after Williams' May 30, 2022, death. (Doc. 1-1 at 11; Doc. 10). Even under a typically more forgiving standard that this Court has rejected – measuring dilatoriness from the date of suit or removal – Plaintiff falls short. Plaintiff filed the Complaint on January 17, 2023, and the Selma Defendants removed on February 21, meaning he first moved for amendment more than seven months after filing and more than six months after removal. The Selma Defendants contend that Plaintiff has been aware of Lifesource and Daugherty's involvement since at least February 2023. (Doc. 14 at 7). Plaintiff requested that Selma Health and Rehab produce "the entire chart" for Williams January 9, 2023. (Doc. 14-1 at 2) (emphasis included). Selma Health and Rehab produced the document, which identified Daugherty as Williams' registered dietician, in early February. (Doc. 14 at 7; Doc. 14-2 at 3). Plaintiff replies that "it is incumbent upon [her] to conduct the necessary discovery to determine the exact extent of the nature and character of the dealings between employees of Selma Health and Rehab and the dietary Defendants sought to be added."[4] (Doc. 16 at 3). Because Plaintiff did not depose three

---

[4] The Court has issued no Preliminary Scheduling Order in this case, as the case was stayed and closed for administrative purposes on April 12, 2023. (See Doc. 7 at 3). As such, there was no order for the parties to meet and file a report pursuant to Fed. R. Civ. P. 26(f). "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). As this is not a proceeding exempt from disclosure under Rule 26(a)(1)(B), there is no court order authorizing discovery, and the Court is not aware of another Federal Rule of Civil Procedure that has authorized this discovery, the parties are presumably conducting discovery by stipulation.

management-level nurses to ascertain the extent of the putative dietary defendants' involvement until the end of August, she asserts that she was punctual by moving to amend a mere 12 days after the first depositions were taken. (Id. at 3-4). But Plaintiff is effectively claiming that even if Williams' chart, which identified Daugherty as his dietician, did not make it clear that she should be joined as a defendant, there was no reasonable way to clarify Daugherty's role between early February and the end of August. This strains credulity. Dilatoriness includes unreasonable failures like this to identify a potential defendant not known at the outset of litigation. See McCrory, 584 F. Supp. 3d at 1099. Accordingly, the second factor marshals against allowing joinder.

Next up is whether the plaintiff will be significantly injured if the amendment is not allowed. Hickerson, 818 F. App'x at 885. As a preliminary matter, if joined as defendants, Lifesource and Daugherty would come in under Rule 20, not as "necessary" or "required" parties under Rule 19.[5] The Selma Defendants are right to insist that Plaintiff will not be prejudiced if the Court denies the motion to lift the stay and disallows the amendment because Plaintiff can proceed with her claims against the non-diverse defendants in state court, as the applicable statute of limitations has not yet run.[6] (Doc. 14 at 5). Plaintiff concedes that she will not suffer

---

[5] Plaintiff states that "the purpose of the amendment sought by Plaintiff is not to defeat federal jurisdiction but to add two necessary party defendants on the basis that the claims against these Defendants arose out of the same transactions or occurrences as the claims made against the Selma Defendants and questions of law or facts [sic] common to both Defendants will almost certainly arise in this action." (Doc. 10 at 4-5). Plaintiff conflates the two rules by using the test for the permissive joinder of defendants to say that Lifesource and Daugherty are "necessary" parties. Compare Fed. R. Civ. P. 20(a)(2) with Fed. R. Civ. P. 19(a)(1). In any event, potential joint tortfeasors under a joint-and-several-liability scheme are merely permissive, and not required, parties. Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (1990); see also Holcim (US), Inc. v. Ohio Cas. Ins. Co., 38 So. 2d 722, 729 (Ala. 2009) (explaining that under Alabama law governing joint and several liability, a tortfeasor whose negligent act(s) proximately contribute to causing an injury may be held liable for the entire resulting loss). And because Plaintiff aims to join non-diverse defendants, a Section 1447(e) analysis, and not just one under Rule 20(a)(2), is implicated.

[6] Wrongful death actions must be commenced within two years from the death of the decedent in Alabama. Ala. Code § 6-5-410(d). Here, Williams passed on May 30, 2022, (Doc. 1-1 at 11), meaning Plaintiff will have until May 30, 2024, to sue Lifesource and Daugherty in state court. Other federal courts in Alabama have held that the mere fact that the statute of limitations may now bar the plaintiff's claim against the non-diverse defendant does not justify allowing the amendment. See Smith v. White Consol. Indus., Inc., 229 F. Supp. 2d 1275, 1282 (N.D. Ala.

any serious injury if amendment is not allowed but finds fault with what would be a duplication of discovery efforts and waste of judicial resources. (Doc. 16 at 4). However, "being made to litigate against the non-diverse defendant in state court does not necessarily amount to a significant injury – even if it results in duplicative efforts on the plaintiff's part." McCrory, 584 F. Supp. 3d at 1100 (quoting Hickerson, 818 F. App'x at 886) (alteration adopted). The Selma Defendants also point out that Plaintiff, Daugherty, and Lifesource could agree to proceed in a separate arbitration and consolidate it with the pending one before Reich for purposes of discovery. (Doc. 14 at 5 n.5). Therefore, Plaintiff will not be prejudiced should the Court deny the motion the stay and prohibit the diversity-destroying joinder.

Finally, the Selma Defendants assert that they have a strong interest in maintaining a federal forum. (Doc. 14 at 6) (quoting Holston Invs., Inc. B.V.I. v. LanLogistics Corp., 677 F.3d 1068, 1070 (11th Cir. 2012) ("Congress extends the benefits and safeguard of federal courts [sitting in diversity] to provide a separate forum for out-of-state citizens against the prejudices of local courts and local juries.") (internal quotation marks omitted)). As discussed, while the claims against the Selma Defendants are scheduled to be arbitrated, the Selma Defendants contend that the parties will ask that the Court confirm or vacate the final arbitration award and may even turn to it to compel the attendance of unwilling witnesses during discovery. (Doc. 14 at 6). Plaintiff does not note any other equities that would weigh in favor of allowing her requested amendment. The Court is also reminded that "[i]n balancing the equities, the parties do not start out on an equal footing." Bevels, 100 F. Supp. 2d at 1313. With only one of the 1447(e) factors in her favor, Plaintiff would not prevail even if the parties had started out in equipoise.

---

2002). By extension, the fact that Plaintiff can still sue Lifesource and Daugherty in state court is further evidence against prejudice to Plaintiff.

Accordingly, for the reasons set forth above, Plaintiff's Motion to Lift Stay, (Doc. 12), is **DENIED**.

**DONE** and **ORDERED** this the **12th** day of **January 2024.**

<u>/s/ Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**